UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


HUNTER L. TODD,

     Plaintiff,

vs.                                       Case No. 10-11953

                                          HON. AVERN COHN

BANK OF AMERICA,

     Defendant.

_____/

## ORDER OF DISMISSAL

I.

Plaintiff Hunter L. Todd, proceeding pro se, filed a complaint against Bank of

America in which it appears he is challenging a state court foreclosure action.  Plaintiff

has been granted permission to proceed without payment of the filing fee.

For the reasons which follow, the Court shall dismiss the case under 28 U.S.C. §

1915(e)(2).

II.

The screening procedures established by § 1915 apply to cases filed by

non-prisoners and prisoners. McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.

1997).  Section 1915(e)(2) allows the Court to dismiss a case at any time if it

determines that the case is frivolous or malicious, that the plaintiff fails to state a claim

upon which relief may be granted, or seeks relief against a defendant who is immune

from such relief.  A complaint "is frivolous where it lacks an arguable basis either in law

or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Moreover, federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994); <u>Hudson v. Coleman</u>, 347 F.3d 138, 141 (6th Cir.2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). Federal courts have an independent duty to determine whether they have jurisdiction. <u>See</u> <u>Ebrahimi v. City of Huntsville Bd. of Educ.</u>, 114 F.3d 162, 165 (11th Cir.1997). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. <u>Kokkonen</u>, 511 U.S. at 377.

III.

The Court has read the complaint; it is virtually unintelligible.[1] From what can be gleaned, plaintiff says he once resided at 14944 Ashton in Detroit and apparently had a mortgage on the property with Countywide, now owned by Bank of America. Plaintiff says that there was no notice of foreclosure served at 14944 Ashton or at plaintiff's address in Selma, Alabama. He also says Countywide refused to allow him to pay off the mortgage. Plaintiff also suggests he was discriminated against. He cites 42 U.S.C. § 1982 and "requests the right to add other federal codes and cases under the equal protection Clause under the 14th Amendment to the Constitution."

Although it appears that plaintiff is attempting to invoke the Court's federal

---

[1]Included with plaintiff's complaint are several documents, including a letter directed to the Michigan Court of Appeals from a Bishop Arthur Barnes, stating that no notice of foreclosure was served at the address on Ashton. Plaintiff also attached a letter which discusses a probate dispute in Alabama and a dispute with Alabama Power regarding property plaintiff allegedly owns there. Finally, plaintiff attached documents indicating he was approved for Social Security disability benefits.

question jurisdiction in citing section 1982,[2] the Court cannot discern an arguable claim from the complaint. Moreover, to the extent plaintiff is challenging a foreclosure proceeding which occurred in state court, the case is barred by the <u>Rooker-Feldman</u> doctrine. Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court. <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 482 & n. 16 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923). This is true even in the face of allegations that "the state court's action was unconstitutional." <u>Feldman</u>, 460 U.S. at 486; <u>see also</u> <u>Blanton v. United States</u>, 94 F.3d 227, 233-34 (6th Cir.1996). Here, the issues raised in the complaint appear to be inextricably intertwined with the state court action.

Accordingly, this case is DISMISSED.

SO ORDERED.


Dated:  May 19, 2010                              S/Avern Cohn                                    
                                                  AVERN COHN
                                                  UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Hunter L. Todd 14944 Ashton, Detroit, MI 48223 the attorneys of record on this date, May 19, 2010, by electronic and/or ordinary mail.

                                                  S/Julie Owens                                  
                                                  Case Manager, (313) 234-5160

---

[2]Section 1982 provides that "[a]ll citizens of the United States shall have the same right ... as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."